■ MARTIN LANGER, on Behalf of Himself as a Shareholder of Yorkville Associates, Inc., and in the Right of Yorkville Associates, Inc., and on Behalf of All Other Shareholders of Said Corporation, Similarly Situated, Respondent-Appellant, v. MARTIN GARAY et al., Appellants-Respondents.— Motion of plaintiff returnable on September 17, 1968, granted to the extent of striking the appearance of the named firm of attorneys as counsel in behalf of the corporate defendant, dismissing the appeal of the defendants insofar as it relates to that portion of the order, entered May 20, 1968, denying their motion to dismiss the complaint for insufficiency, and vacating the stay granted herein by order of this court filed June 18, 1968, and motion otherwise denied, without costs, without prejudice, however, to the rights and remedies of the corporation with respect to the fees, if any, paid by it to the said firm of attorneys and to the rights and remedies of the parties, if any, with respect to alleged violations of the conditions of the stay directed pursuant to the order of this court rendered June 18, 1968, including upon the bond or undertaking filed pursuant to such order. (See determination of this court in *Langer* v. *Garay* (30 A D 2d 942.) Concur — Eager, J. P., Steuer, Tilzer, Rabin and Macken, JJ.

■ FRANK VERNI, Respondent, v. WILLIAM WRIGHT et al., Defendants, and LARRY FISHER, One of the Three Copartners Doing Business as FISHER BROTHERS MANAGEMENT Co., Appellant.— Order entered April 11, 1968 denying motion to dismiss complaint for failure to prosecute unanimously reversed on the law and the facts and in the exercise of discretion, and complaint dismissed, with $30 costs and disbursements. Issue was joined in this assault action in May, 1966. No steps were thereafter taken. In January, 1967 defendant served the 45-day notice pursuant to CPLR 3216. No note of issue was served within the prescribed period; in fact, it was not until April, 1968, and after this motion was noticed, that a note of issue was served. Plaintiff relies on a flurry of activity after the service of the notice. The greater part of this activity was an effort to obtain some settlement. Special Term concluded that plaintiff did not intend to abandon the action. What appears is that plaintiff hoped to realize something from the action but not by way of trial. Concur — Steuer, J. P., Tilzer, McGivern and McNally, JJ.